**Surjit SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 04–71638.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 7, 2009.*

Filed June 22, 2009.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

ORDER

In response to the petition for rehearing, the panel has amended its memorandum disposition filed on February 17, 2008. Accordingly, the pending petitions for rehearing and rehearing en banc are moot.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Based on the amended disposition, either party may petition for panel rehearing and/or en banc rehearing pursuant to Federal Rules of Appellate Procedure 35 and 40.

## AMENDED MEMORANDUM **

Surjit Singh, a native and citizen of India, petitions for review of a final decision issued by the Board of Immigration Appeals (BIA), affirming an Immigration Judge's (IJ) denial of asylum, withholding of removal, and Convention Against Torture (CAT) protection. We deny the petition for review.

## DISCUSSION

To establish his eligibility for asylum, Singh was required to prove he suffered past persecution or has a well-founded fear of future persecution. *See Lolong v. Gonzales,* 484 F.3d 1173, 1178 (9th Cir.2007) (en banc). Withholding of removal required him to demonstrate it is more likely than not that he would be subjected to persecution if he returns to India. *See Kohli v. Gonzales,* 473 F.3d 1061, 1070 (9th Cir.2007). For CAT relief, Singh had to establish it is more likely than not he would be tortured with the acquiescence of the Indian government upon his return. *See Muradin v. Gonzales,* 494 F.3d 1208, 1210–11 (9th Cir.2007).

Singh contends he met these burdens because he was arrested, beaten and tortured by police as a result of his religion and his political activities. The IJ determined, however, that Singh was not a credible witness. The IJ found that Singh's testimony and application for asylum contained a number of substantial inconsistencies, including the nexus between his membership in the All India Sikhs Student Federation (AISSF) and his third arrest. In Singh's application for asylum, he claimed that the AISSF organized and led the funeral procession preceding his third arrest, and that the deceased was an AISSF district leader. By contrast, Singh testified before the IJ that the "village people" generally arranged the funeral procession and that the deceased was a leader of Shiromani Akali Dal, an organization to which Singh did not belong. When confronted with this inconsistency, Singh attributed it to a scrivener's error and stated that he never reviewed the application. However, on cross examination, Singh admitted that he reviewed the application but did not focus on the error at that time. The record therefore supports the IJ's finding that Singh's answers were "evasive and non-responsive."

Because the relationship between Singh's membership in the AISSF and his third arrest is central to his claim for asylum, the inconsistencies noted above go to the heart of his claim of persecution and are sufficient to support the IJ's adverse credibility finding. *See Singh v. Gonzales,* 439 F.3d 1100, 1108 (9th Cir.2006). The fact that Singh was evasive and non-responsive when confronted with these inconsistencies reinforces the IJ's determination that Singh was not credible. *See Wang v. INS,* 352 F.3d 1250, 1256 (9th Cir.2003) ("An asylum seeker's obvious evasiveness may be enough to uphold an IJ's adverse credibility finding.") (internal quotation marks omitted). Although Singh could have overcome his lack of credibility with corroborating evidence, *see Cosa v. Mukasey,* 543 F.3d 1066, 1070 (9th Cir.2008) (noting corroborating evidence is appropriate when the IJ "either does not believe the applicant or does not know what to believe") (internal quotation marks

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

omitted), the evidence Singh submitted did not substantiate his claim for asylum.

Because Singh failed to establish his eligibility for asylum, he also failed to meet the higher burden required for withholding of removal. *See Kumar v. Gonzales,* 439 F.3d 520, 525 (9th Cir.2006). His failure to establish his eligibility for asylum does not, however, preclude CAT relief. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003) (noting "the standards for the two bases of relief are distinct and should not be conflated"). Nonetheless, because his claim of torture is based on the same statements and evidence the IJ determined not to be credible, his CAT claim was also properly rejected. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

SKOPIL, Senior Circuit Judge, concurring:

The IJ in this case identified a number of inconsistencies in Singh's testimony. Our original disposition cited four—when Singh joined his political party, the level of his involvement in that party, the circumstances that led to his second arrest, and the nature of the torture after that arrest. We concluded these are substantial inconsistencies that go to the heart of Singh's claim of political persecution and therefore support the IJ's adverse credibility finding.

In our amended disposition, we have abandoned that conclusion and now rely solely on Singh's inconsistent explanations regarding who organized a funeral that he attended and the political affiliation of the deceased. While we clearly may differ on the materiality of any cited discrepancy and even our respective readings of the record, I question whether that inconsis-

tency alone should support an adverse credibility finding. Nonetheless, because I believe that the four inconsistencies cited in our original disposition do support such a finding, I concur in our decision to deny Singh's petition for review.